JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TRW AUTOMOTIVE J.V. LLC

### DEFENDANTS
FUJI OOZX, INC.

(b) County of Residence of First Listed Plaintiff: USA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: JAPAN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Hall Booth Smith, P.C.
Fifth Third Center 424 Church Street, Suite 2950
Nashville, TN 37211

Attorneys *(If Known)*
Fuji Oozx, Inc., 1500-60 Misawa, Kikugawa-shi, Shizouka 439-0023 Japan

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. sec. 1332 (c)

Brief description of cause:
Suite for breach of contract arising out of a joint venture between Plaintiff and Defendant and specific performance

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE: 04/03/2014
SIGNATURE OF ATTORNEY OF RECORD: /s/ H. Buckley Cole

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| TRW AUTOMOTIVE J.V. LLC, | Case No. |
| Plaintiff, | Hon. |
| vs. | Magistrate Judge |
| FUJI OOZX, INC., | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF AND JURY DEMAND

Plaintiff TRW Automotive J.V. LLC alleges the following for its Complaint against Defendant Fuji Oozx, Inc.

## NATURE OF THE CASE

1. This case involves Defendant Fuji Oozx Inc.'s ("Fuji Oozx") repudiation and breach of a May 9, 1988 joint venture agreement (the "JV Agreement") between Plaintiff TRW Automotive J.V. LLC (successor to TRW Inc.) ("TRW JV") and Fuji Oozx (successor to Fuji Valve Co., Ltd.) ("Fuji") to form the TRW Fuji Valve Inc. ("TFV") joint venture. (The JV Agreement is attached hereto as Ex. 1). This case also involves actions taken by Fuji Oozx to hamper, prevent and frustrate the purpose of TFV, and its business in North America. TFV was formed for the "limited purpose" of manufacturing valves and related products for sales: (i) to Japanese engine manufacturers' (hereinafter, "JOEMs") North American facilities; (ii) to the North American aftermarket for JOEM-produced engines; (iii) indirectly, through TRW JV, to other OEMs and to the aftermarket and (iv) indirectly, through Fuji Oozx, to OEMs in Asia and aftermarket customers in Asia. (JV Agreement at Art. 3.1.)

1

2. As shareholders of TFV, TRW JV and Fuji Oozx agreed, among other things, that they would not compete against TFV in the North American market (defined as Canada, the United States, and Mexico) with respect to certain defined business. Specifically, TRW JV and Fuji Oozx agreed that:

> During the term of the JV, [TRW JV] and FUJI [Oozx] will each not: (i) sell Products to North American facilities which are at least fifty percent (50%) owned by Japanese Engine Manufacturers; or (ii) directly or indirectly own any equity interest in any firm, company other legal entity that sells Products to North American facilities which are at least fifty percent (50%) owned by Japanese Engine Manufacturers.

(JV Agreement at Article XI.)

3. Despite this, in breach of the JV Agreement, Fuji Oozx recently announced plans to establish a Mexican subsidiary to manufacture and sell valves and related products to the North American facilities of JOEMs. Fuji Oozx also repudiated the JV Agreement in writing to TRW JV, refusing to abide by its terms and advising TRW JV that it did not intend to comply with the JV Agreement.

4. Before filing this action, TRW JV requested that Fuji Oozx cease its wrongful activities, and requested adequate assurance that Fuji Oozx would abide by the JV Agreement, all to no avail. Fuji Oozx refused and continues to refuse to abide by the JV Agreement. As a result TRW JV was forced to file this action seeking damages, and declaratory relief, among other things, against Fuji Oozx, and an order preventing Fuji Oozx from violating the JV Agreement, including Article XI.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(c) because TRW JV is a citizen of Delaware and Michigan, Fuji Oozx is a citizen of Japan, and the amount

in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees.

6. TRW JV is a Delaware limited liability company.

7. For purposes of determining diversity jurisdiction, federal courts look to the citizenship of the limited liability company members. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 585 n. 1, 124 S.Ct. 1920 (2004) (stating that "[a]lthough the Court has never ruled on the issue, Courts of Appeals have held the citizenship of each member of an LLC counts for diversity purposes"). *See also VeriCorr Packaging, LLC v. Osiris Innovations Group, LLC*, 501 F.Supp.2d 989, 991 (E.D. Mich. 2007) (collecting case cases).

8. The sole member of TRW JV is TRW Automotive Inc. Thus, for purposes of determining diversity jurisdiction, TRW JV has the same citizenship of TRW Automotive Inc.

9. A corporation can be a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business. 28 U.S.C. § 1332(c).

10. TRW Automotive Inc. is a Delaware corporation with its principal place of business in Michigan.

11. TRW Automotive Inc. and TRW JV are, therefore, both citizens of Delaware and Michigan.

12. Fuji Oozx is a Japanese corporation with its principal place of business in Japan.

13. Complete diversity exists because TRW JV is a citizen of Delaware and Michigan, and Fuji is a citizen of Japan.

14. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees. Specifically, TRW JV has been damaged and/or will continue to be damaged by Fuji's conduct, including, without limitation, as follows:

3

a. Lost business and business opportunities.

b. Lost revenues, profits and expectation damages arising from the continuing breach by Fuji Oozx.

c. Damages related to Fuji Oozx's portion of the costs of TFV's continued operation and/or wind-down, including costs associated with the closing or repurposing the production facility, if necessary.

d. Loss of customer relationships and goodwill.

e. Damages related to investment costs that have not been recouped, including investment in TFV facilities.

15. Venue is proper in the Eastern District of Tennessee because TFV's principal office is in Sevierville, Tennessee, the JV Agreement is governed by and construed in accordance with the laws of Tennessee, and under the JV Agreement, Tennessee courts have exclusive jurisdiction over any legal proceedings in respect of the JV Agreement. (JV Agreement at Art. 13.1.)

## GENERAL ALLEGATIONS

### The Joint Venture And The JV Agreement

16. On May 9, 1988, TRW JV and Fuji Oozx entered into the JV Agreement to form TFV.

17. According to the Preamble to the JV Agreement, at the time of formation:

a. Fuji Oozx was a supplier of valves and related products to Japanese engine manufacturers outside of North America.

b. TRW JV was a supplier in North America of valves and related products to engine manufacturers.

c. Certain JOEMs have or will locate in North America.

d. Fuji Oozx did not have North American production capacity.

e. Neither Fuji Oozx nor TRW JV were well-positioned to compete for the sales of valves and related products to JOEMs.

4

18. TFV was formed for the "limited purpose" of manufacturing valves and related products for sales: (i) to JOEMs' North American facilities; (ii) to the North American aftermarket for JOEM-produced engines; (iii) indirectly, through TRW JV, to other OEMs and to the aftermarket and (iv) indirectly, through Fuji, to OEMs in Asia and aftermarket customers in Asia. (JV Agreement at Art. 3.1.)

19. The products which are the subject of the JV Agreement and which TFV manufactures and sells are "[v]alves, valve seat inserts, valve cotters, valve spring retainers, and valve lash adjustors" (the "Products"). (JV Agreement at Preamble and Exhibit A at p. 2.)

20. TFV was established as a Tennessee corporation with its principal place of business in Sevierville, Tennessee. TFV's production facility where it makes the Products for sale to its customers is also located in Sevierville, Tennessee.

21. TFV was initially owned by TRW JV as a 65% shareholder, and Fuji as a 35% shareholder. (JV Agreement at Art. 4.1-4.4.)

22. The duration of TVF is unlimited (JV Agreement at Art. 2.4); however, it may be dissolved under certain circumstances. Specifically, it may be dissolved at such time as TRW JV and Fuji Oozx jointly determine. (JV Agreement at Art. 12.1.)

23. TRW JV and Fuji Oozx also have the right to dissolve TFV upon written notice to the other party if any of the following occurs:

    a. If the majority shares of TRW JV or Fuji Oozx, or substantially all of their assets are acquired by a person which was not a subsidiary or affiliate of TRW JV or Fuji, respectively, prior to such acquisition. (JV Agreement at Art. 12.2(a) and 12.3(a).)

    b. If TRW JV or Fuji Oozx becomes insolvent, makes or permits an assignment for the benefit of their creditors, or files for protection under bankruptcy, insolvency or similar laws. (JV Agreement at Art. 12.2(b) and 12.3(b).)

5

c. If TRW JV or Fuji Oozx fails to perform any of their respective obligations under Art. 3.2 (Products Technology), 4.1 (Initial Stock Purchases), 6.5 (Confidential Information), and 9.2 Indemnification of TRW JV), Article XI (Noncompetition), and 13.3 (Cooperation) of the JV Agreement. (JV Agreement at Art. 12.2(c) and 12.3(c).)

24. TFV has not been dissolved.

25. TRW JV and Fuji Oozx expressly agreed in Article XI that with respect to North American JOEMs:

> During the term of the JV, [TRW JV] and FUJI [Oozx] will each not: (i) sell Products to North American facilities which are at least fifty percent (50%) owned by Japanese Engine Manufacturers; or (ii) directly or indirectly own any equity interest in any firm, company other legal entity that sells Products to North American facilities which are at least fifty percent (50%) owned by Japanese Engine Manufacturers.

(JV Agreement at Article XI.).

26. Article XI is reasonably related to the procompetitive purposes of TFV, is critical not only to support the business of selling Products to North American JOEMs, but to the continued viability of TFV.

27. Article 13.5 of the JV Agreement provides that the JV Agreement is a fully integrated agreement, and that it ". . . may not be modified except by a written amendment duly executed by the parties hereto." (JV Agreement at Art. 13.5.)

## The First Amendment To The JV Agreement

28. On or about November 5, 1991, TRW JV and Fuji Oozx entered into an agreement to expand the joint venture (the "First Amendment"). (Ex. 2, First Amendment.)

29. Specifically, TRW JV agreed to make an additional capital contribution to TFV for the purpose of supporting TFV's expansion plans. (*Id.* at ¶ 1.1.)

30. Fuji Oozx declined to participate in the capital contribution. (*Id.*)

6

31. As a result, TRW JV was granted an expanded 80% ownership interest in TFV, and Fuji's interest was diluted to 20%. (*Id.*)

32. Fuji Oozx retained an option to return to its position as a 35% shareholder by purchasing additional TFV shares in the future. (*Id.* at ¶ 1.2.)

33. Fuji Oozx did not exercise its option and, as a result, Fuji's interest in TFV remains at 20%.

### The Second Amendment To The JV Agreement

34. On February 27, 2003, Northrup Grumman Space & Mission Systems Corp., successor by merger to TRW Inc., and Fuji Oozx, entered into an Amendment to the JV Agreement (the "Second Amendment"). (Ex. 3, Second Amendment.)

35. Pursuant to the Second Amendment, TRW Inc.'s interest in TFV was transferred to TRW JV. (*Id.*)

36. Except as stated in the Second Amendment, the JV Agreement "remain[ed] in full force and effect and no amendments or modifications to the JV Agreement [were] intended to be effected by [the Second Amendment]." (*Id.* at ¶ 5).

### The Third Amendment To The JV Agreement

37. On or about September 21, 2010, TRW JV, Fuji Oozx, and OOZX USA Inc. ("OOZX"), a wholly-owned subsidiary of Fuji Oozx, entered into an Acknowledgement and Amendment (the "Third Amendment"). (Ex. 4, Third Amendment)

38. In the Third Amendment, TRW JV, Fuji Oozx and OOZX recognized that the JV Agreement had been amended twice—once on November 5, 1991 and once on February 27, 2003. (*Id.* at Preamble.)

39. TRW JV, Fuji Oozx and OOZX acknowledged that Fuji Oozx was the original party to the JV Agreement, and that Fuji Oozx had transferred its interest to its wholly-owned subsidiary, OOZX, without having executed an amendment to evidence the change.

40. The purpose of the Third Amendment was to allow the parties "to confirm their understanding of the application of the JV Agreement in connection with this transfer and to amend Article X of the JV Agreement." (*Id.* at Preamble and ¶¶ 1.a.-b.)

41. Thus, Fuji Oozx "acknowledge[d] that it is a party to, and agree[d] to be bound by, the terms and conditions of the JV Agreement." (*Id.* at ¶ 3.) OOZX, on the other hand, acknowledged and agreed "that it is not a party to the JV Agreement, it has no rights under the JV Agreement and any rights it may have had are held by Fuji [Oozx]." (*Id.*)

42. The parties also agreed to amend Article X of the JV Agreement to provide updated notice addresses for TRW JV and Fuji Oozx.

43. The parties also acknowledged that except as stated in the Third Amendment, the JV Agreement "remain[ed] in full force and effect and no amendments or modifications to the JV Agreement [were] intended to be effected by [the Third Amendment]." (*Id.* at ¶ 8).

44. Other than the three Amendments discussed above, there are no "amendments in writing duly executed by the parties" to the JV Agreement.

45. The Amendments to the JV Agreement have not modified or otherwise affected Article XI of the JV Agreement.

### The License Agreement

46. The JV Agreement provided that the parties would enter into a License Agreement, each providing a license to TFV to utilize their respective knowledge, know-how and technical information to manufacture the Products. (JV Agreement at Art. 3.2.)

47. As a result, on September 15, 1988, TRW JV and Fuji Oozx entered into a License Agreement, (Ex. 5, License Agreement), pursuant to which TRW JV and Fuji Oozx each granted TFV a nonexclusive right to make the Products using the knowledge, know-how and patents of TRW JV and Fuji Oozx, respectively, to manufacture and sell the Products. (License Agreement at Art. 2.1-2.2.)

48. The License Agreement, like the JV Agreement, could only be amended in a writing executed by both parties. (License Agreement at Art. 17.3.)

49. The License Agreement was amended three times—on November 5, 1991, January 1, 2007 and July 1, 2009.

50. The amendments addressed royalties (first and second amendments), and the definition of Net Sales Price (third amendment) under the License Agreement. Fuji Oozx has a copy of these amendments.

51. The License Agreement and its amendments have not modified or otherwise affected Article XI of the JV Agreement.

### Fuji Oozx's Repudiation Of The JV Agreement

52. TFV was created to manufacture and sell Products to North American JOEMs. These sales comprise the majority of TFV's business and are critical to the viability of TFV.

53. After operating under the JV Agreement since 1988, and after reaffirming that it remained in full force and effect as late as 2010, Fuji Oozx has now unequivocally repudiated and thus breached the JV Agreement, and acted in a manner that will frustrate, hamper and prevent the purpose and business of TFV.

9

54. Specifically, on March 24, 2014 Fuji Oozx advised TRW JV that it intended to construct a manufacturing facility in Mexico for the purpose of manufacturing and selling engine valves and related products directly to North American JOEMs.

55. On March 25, 2014, TRW JV advised Fuji Oozx that Fuji Oozx's conduct constituted a breach of Article XI of the JV Agreement. (Ex. 6, March 25, 2014 Letter.) TRW JV sought adequate assurances that Fuji Oozx would not take this step and would comply with its obligations under the JV Agreement. (*Id.*)

56. On March 27, 2014, Fuji Oozx responded by refusing to comply with its obligations under the JV Agreement, and specifically refusing to comply with Article XI of the JV Agreement. (Ex. 7, March 27, 2014 Letter.)

57. Fuji Oozx also refused to provide adequate assurances to TRW JV, and claimed a separate licensing agreement between TRW JV and Fuji Oozx somehow superseded the JV Agreement. (*Id.*)

58. Fuji Oozx advised it would be sending a further explanation to TRW JV later. (*Id.*)

59. On April 1, 2014, Fuji Oozx provided its further explanation, continued to repudiate the JV Agreement, and advised TRW JV it would not comply with its obligations thereunder but intended through its Mexican facility to manufacture and then sell the Products to North American JOEMs.

60. On March 27, 2014, Fuji Oozx's shareholders voted to establish a subsidiary in Mexico. (Ex. 8, March 27, 2014 Announcement.)

10

61. The purpose of Fuji Oozx's Mexican subsidiary is to own and operate a manufacturing plant in Mexico to manufacture and sell valves and related products in North America directly to North American JOEMs.

62. Fuji Oozx has announced that it will begin the process of developing the plant in Mexico in May 2014 and expects to begin operations sometime later in 2014. (*Id.*)

## COUNT I—REPUDIATION/BREACH OF CONTRACT

63. TRW JV incorporates all prior allegations by reference.

64. The JV Agreement is a valid, enforceable contract supported by consideration.

65. Pursuant to Article XI of the JV Agreement, TRW JV and Fuji Oozx agreed that, with respect to North American JOEMs:

> During the term of the JV, [TRW JV] and FUJI [Oozx] will each not: (i) sell Products to North American facilities which are at least fifty percent (50%) owned by Japanese Engine Manufacturers; or (ii) directly or indirectly own any equity interest in any firm, company other legal entity that sells Products to North American facilities which are at least fifty percent (50%) owned by Japanese Engine Manufacturers.

(JV Agreement Article XI.)

66. Fuji Oozx has repudiated the JV Agreement, and its repudiation amounts to a breach of the JV Agreement, by voting to establish a Mexican subsidiary for the purpose of owning and operating a manufacturing facility in Mexico to manufacture and sell the Products to North American JOEMs.

67. Fuji Oozx also repudiated and breached the JV Agreement by notifying TRW JV in writing that it does not intend to perform its obligations thereunder, and that it will not comply with the JV Agreement.

11

68. TRW JV has been damaged and will be damaged as a result of Fuji Oozx's wrongful actions, including, but not limited to, the following:

   a. Lost business and business opportunities.

   b. Lost revenues, profits and expectation damages arising from the continuing breach by Fuji Oozx.

   c. Damages related to Fuji Oozx's portion of the costs of TFV's continued operation and/or wind-down, including costs associated with the closing or repurposing the production facility, if necessary.

   d. Loss of customer relationships and goodwill.

   e. Damages related to investment costs that have not been recouped, including investment in TFV facilities.

## COUNT II—SPECIFIC PERFORMANCE

69. TRW JV incorporates all prior allegations by reference.

70. TRW JV and Fuji Oozx are parties to the JV Agreement, which prohibits Fuji Oozx from competing with TFV by selling valves and related products to North American JOEMs.

71. Fuji Oozx has announced plans to own and operate a manufacturing facility in Mexico to manufacture and sell valves and related products to North American JOEMs.

72. TRW JV will suffer irreparable harm that cannot be fully and adequately compensated by money damages. To wit, if Fuji Oozx is allowed to breach the JV Agreement, Fuji Oozx will benefit from the goodwill, technology, manufacturing expertise and know-how and other advantages that it gained as a party to the TFV joint venture, and will receive an unfair competitive advantage over TRW JV, which cannot be recouped by money alone.

12

73. TRW JV is entitled to an order from this Court requiring Fuji Oozx to honor its obligations under the JV Agreement, including its duties set forth in Article XI of the JV Agreement.

## COUNT III—DECLARATORY RELIEF

74. TRW JV incorporates all prior allegations by reference.

75. TRW JV and Fuji Oozx are parties to the JV Agreement.

76. There is an actual controversy between TRW JV and Fuji Oozx concerning whether Fuji Oozx's conduct as set forth herein is in violation of Article XI of the JV Agreement.

77. A declaratory judgment is necessary for the purpose of settling and affording relief from uncertainty with respect to the rights, status and future legal obligations between TRW JV and Fuji Oozx.

78. TRW JV seeks and is entitled to a declaration by this Court that the JV Agreement is in full force and effect and that Fuji Oozx is bound to comply with it, including, but not limited to, Article XI of the JV Agreement, and that Fuji Oozx's conduct as described above is in breach of the JV Agreement.

79. In light of the substantial and significant harm to TRW JV should Fuji Oozx continue its wrongful actions, and its announced intention to commence work on its production plant in Mexico in May 2014 and to begin operations later this year, TRW JV requests that this Court order a speedy hearing of its request for declaratory judgment.

WHEREFORE, TRW JV respectfully requests the following relief:

    a. Lost business and business opportunities.

    b. Lost revenues, profits and expectation damages arising from the continuing breach by Fuji Oozx.

13

c. Damages related to Fuji Oozx's portion of the costs of TFV's continued operation and/or wind-down, including costs associated with the closing or repurposing the production facility, if necessary.

d. Loss of customer relationships and goodwill.

e. Damages related to investment costs that have not been recouped, including investment in TFV facilities.

f. An order of specific performance requiring Fuji Oozx to comply with the JV Agreement, including, but not limited to Article XI of the JV Agreement.

g. A declaratory judgment providing that the Fuji Oozx is obligated to perform all of its obligations under the JV Agreement and that the JV Agreement is a valid, binding and enforceable obligation of Fuji Oozx.

h. An award of any other damages, legal fees and other costs arising out of Fuji Oozx's bad faith repudiation and failure to perform under the JV Agreement.

i. All such other relief as this Court may deem just, equitable or appropriate under the circumstances.

## JURY DEMAND

TRW JV hereby demands a jury for all issues so triable in the above-captioned matter.

Respectfully Submitted,

**HALL BOOTH SMITH, P.C.**

/s/ *H. Buckley Cole*
H. Buckley Cole (BPR #011811)
Co-counsel for TRW Automotive J.V. LLC
Fifth Third Center
424 Church St.
Suite 2950
Nashville, TN 37219
Telephone: (615) 313-9911
Facsimile: (615) 313-8008
E-mail: bcole@hallboothsmith.com

and

14

**DYKEMA GOSSETT PLLC**

Marilyn A. Peters (Michigan Bar # P 32095)
Howard B. Iwrey (Michigan Bar # P39635)
Michael J. Blalock (Michigan Bar # P68969)
Co-counsel for TRW Automotive J.V. LLC
39577 Woodward Ave, Suite 300
Bloomfield Hills, MI 48304
Telephone: (248) 203-0700
Facsimile: (248) 203-0763
E-mail: mpeters@dykema.com
hiwrey@dykema.com
mblalock@dykema.com

April 3, 2014